**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

| | | |
|---|---|---|
| AGRI SPRAY DRONES, LLC | : | |
| Plaintiff, | : | |
| | : | Court No. 25-00141 |
| v. | : | |
| UNITED STATES, | : | |
| | : | **COMPLAINT** |
| Defendant. | : | |

Plaintiff, Agri Spray Drones, LLC ("Agri Spray"), by its attorneys, Stein Shostak Shostak Pollack & O'Hara, LLP, complains of Defendant, the United States, and alleges as follows:

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. §1581(a) (2020) and this action is filed within the time limits prescribed by 28 U.S.C. §2636(a)(1).

2. Pursuant to 19 U.S.C. §1514(a)(4), on May 21, 2025, through its attorneys, Agri Spray filed Protest No. 3901-25-132093 at the Port of Chicago, CEE 003, contesting U.S. Customs and Border Protection's ("CBP") decision to exclude its merchandise consisting of 95 drone controllers and operators' manuals.

3. Customs' deemed exclusion of the merchandise arises out of its failure to release the drone controllers and manuals for entry.

Court No. 25-00141

4.   On June 20, 2025, Agri Spray's protest was deemed denied as a matter of law, under the provision of 19 C.F.R. §174.21(b), because CBP took no action with respect to the protest within the thirty-day period specified.

5.   No duties and taxes on the entry are due because it has not cleared Customs.

6.   This 28 U.S.C. §1581(a) action is based upon Plaintiff's challenge to CBP's decision to deny the above-numbered Protest, as provided for in 19 U.S.C. §§1514-1515.

7.   CBP's denial of a protest based on the decision to exclude merchandise from entry is an action subject to judicial review under 28 U.S.C. §1581(a).

## PARTIES AND STANDING

8.   Agri Spray is a Missouri limited liability corporation with its principal place of business in Boonville, Missouri, and is the importer of record of the subject merchandise.

9.   Defendant, United States, is the proper party for decisions taken by CBP, a constituent agency of the U.S. Department of Homeland Security.

10.  Agri Spray timely protested CBP's exclusion of this merchandise from entry, pursuant 19 U.S.C. §1514.

Court No. 25-00141

11. Agri Spray is the real party in interest and has standing to bring this action.

## FACTUAL BACKGROUND

12. Agri Spray imports drones for agricultural purposes. The imported drones include a controller to operate the drones and an operator's manual.

13. On or about March 11, 2025, Agri Spray attempted to enter for consumption 95 agricultural spraying drones which consist of the drones, the controllers, and operators' manuals, under Entry No. DSV-20299688.

14. CBP issued a notice of detention to Agri Spray. Purportedly, CBP detained this merchandise upon suspicion of possible UFLPA and IPR violations. Agri Spray Drones and design is a duly registered trademark with the United States Patent and Trademark Office. Its registration number is No.7511939.

15. Subsequently, CBP authorized Agri Spray to manipulate the shipment and take possession and delivery of the drones. However, without explanation, CBP declined to release the drone controllers and manuals. Agri Spray's drone controllers are not subject to the UFLPA or trademark restrictions and are admissible.

16. After numerous attempts without success to reach the detaining officer, Michael McDermott, to ascertain the reason for the continuing detention, on May 21, 2025, Agri Spray filed protest 3901-25-132092 challenging the exclusion of the

Court No. 25-00141

drone controllers and manuals. On information and belief, CBP failed to provide any explanation for the continuing detention or comply with 19 U.S.C. §1499(c)(2)(B-E).

17. CBP took no action with respect to the protest and at the expiration of the regulatory thirty-day period, on June 25, 2025, Agri Spray filed its summons and commenced this action.

## COUNT I

(Unlawful Exclusion from Entry)

18. Plaintiff repeats and incorporates paragraphs 1-17 by reference, as though fully stated herein.

19. Under 19 U.S.C. §1499, CBP is required to provide notice and some basic information pertaining to its detention of merchandise.

20. Upon information and belief, CBP has never provided Agri Spray with the specific reason for the detention, the anticipated length of the detention, the nature of any tests or inquiries to be conducted, and the nature of any information which, if supplied to CBP may accelerate disposition of the detention.  CBP failed to comply with 19 USC §1499.

21. CBP failed to release the merchandise to Agri Spray, which constitutes an unlawful exclusion of the merchandise from entry.

Court No. 25-00141

22. On May 21, 2025 after more than 30 days following CBP's Notice of Detention, Agri Spray filed its protest challenging CBP's exclusion of its drone controllers and operator's manuals.

23. More than thirty days following Plaintiff's filing of the instant protest, Customs' failure to make a decision means the protest is deemed denied.

24. Because Agri Spray filed a protest challenging the exclusion of the drone controllers and manuals on May 21, 2025, pursuant to 19 CFR §174.21(b) CBP is required to review and approve or deny such protest within thirty days.

25. On June 20, 2025, by virtue of Customs' failure to make a decision, the protest was denied by operation of law.

26. Such denial is contrary to law.

## **RELIEF**

27. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment its favor:

    a) Declare CBP's exclusion of Plaintiff's merchandise is contrary to law;

    b) Enjoin CBP from excluding the subject merchandise from entry; and

Court No. 25-00141

    c) Order CBP to release the property forthwith.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant, based on the foregoing, together with an award of its costs, attorneys' fees and other such relief as the court deems equitable and just.

Dated: June 30, 2025               Respectfully submitted,

                             By:    /s/ Elon A Pollack
                                    Elon A. Pollack, Esq.
                                    Stein Shostak Shostak Pollack & O'Hara
                                    Attorneys for Plaintiff
                                    445 South Figueroa Street, Suite 2388
                                    Los Angeles, California 90071
                                    Telephone: (213) 630-8888
                                    Fax: (213) 630-8890
                                    E-Mail: elon@steinshostak.com