UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| AGRI SPRAY DRONES, LLC. | : <br> : <br> : |
| Plaintiff, | : Court No. 25-00141 <br> : |
| v. | : <br> : |
| UNITED STATES, | : <br> : |
| Defendant. | : <br> : |

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Agri Spray Drones, LLC (Agri Spray), Complaint as follows:

1. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

2. Denies that CBP made a decision to exclude the merchandise and denies that the protest was filed "at the Port of Chicago." Admits to the extent supported by the protest, which is the best evidence of its contents, otherwise denies.

3. The allegations in this paragraph include legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies that the deemed exclusion of the merchandise arose out of CBP's "failure to release the drone controllers and manuals for entry," and denies any inference that the merchandise was admissible or that CBP was required to release the merchandise.

4. The allegations in this paragraph include legal arguments and/or conclusions of law to which no response is required. To the extent that a response is required, admits that CBP did not decide the protest within 30 days of its filing.

5. Admits to the extent "the entry" applies to the controllers and operators' manuals; otherwise, denies.

6. The allegation in this paragraph consists of a legal argument and/or a conclusion of law to which no response is required. To the extent a response is required, admits that this paragraph contains a statement of plaintiff's cause of action.

7. The allegation in this paragraph consists of a legal argument and/or a conclusion of law to which no response is required.

8. Admits that Agri Spray is the importer of record for the subject merchandise. Denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

9. The allegation in this paragraph consists of a legal argument and/or a conclusion of law to which no response is required.

10. The allegation in this paragraph consists of a legal argument and/or a conclusion of law to which no response is required.

11. The allegation in this paragraph consists of a legal argument and/or a conclusion of law to which no response is required.

12. Admits that Agri Spray has imported at least one shipment of drones that included controllers and operator's manuals. Denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

13. Admits.

14. Admits that CBP issued a notice of detention to Agri Spray and that CBP detained the merchandise upon suspicion of possible UFLPA and IPR violations. Denies the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

15. Admits that CBP authorized Agri Spray to manipulate the shipment and take possession and delivery of the drones, and that CBP did not release the drone controllers and manuals. Further admits that the drone controllers are not subject to the UFLPA. Denies that CBP did not provide an explanation for its refusal to release the drone controllers and manuals, denies that the drone controllers and manuals are not subject to trademark restrictions, and denies that the drone controllers and manuals are admissible.

16. As to the first sentence, admits that Agri Spray filed protest no. 3901-25-132092 challenging the deemed exclusion of the drone controllers and manuals on May 21, 2025; denies the remainder of the sentence for lack of knowledge or information. As to the second sentence, denies.

17. Admits that CBP did not decide the protest within the thirty-day period and that Agri Spray filed its summons and commenced this action on June 25, 2025. Otherwise, denies.

18. Defendant repeats and incorporates its responses to paragraphs 1–17 by reference, as though fully stated herein.

19. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

20. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent that a response is required, denies.

21. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent that a response is required, denies any inference that

the merchandise was admissible or that CBP was required to release the merchandise, and denies that the merchandise was unlawfully excluded.

22. Denies that the issuance of the Notice of Detention is an operative date for any 30-day period and denies that CBP excluded the merchandise, otherwise admits.

23. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

24. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

25. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

26. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

## **RELIEF**

This paragraph consists of plaintiff's request for relief to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to the requested relief.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate U.S. Customs and Border Protection officials and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General
    Civil Division

    PATRICIA M. McCARTHY
    Director

    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

By:    /s/ Aimee Lee
    AIMEE LEE
    Assistant Director

    /s/ Monica P. Triana
    MONICA P. TRIANA
    Senior Trial Counsel
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza – Room 346
    New York, New York 10278
    Tel. (212) 264-9240 or 9230

Date: September 29, 2025    *Attorneys for Defendant*